**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOZISLAINE SEBASTIAO PEREIRA DE SOUSA** | **CIVIL ACTION** |
| **Petitioner,** | |
| **v.** | |
| **J. L. JAMISON, et al.** | **NO.  26-CV-4797** |
| **Respondents.** | |

## MEMORANDUM OPINION

Pro se petitioner Jozislaine Pereira De Sousa brings this Petition for Writ of Habeas Corpus, under 28 U.S.C. § 2241, and a Motion for a Temporary Restraining Order, both challenging his detention by immigration authorities.  Specifically, he argues that his detention is unlawful under Sections 1225(b) and 1226(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225 *et seq*., as there was no individualized determination that such detention is necessary.  For the reasons that follow, his Petition shall be denied.

### I.    FACTUAL BACKGROUND

De Sousa, a native and citizen of Brazil, lawfully entered the United States in January 2021, pursuant to a valid B-1/B-2 visa for nonimmigrant visitors.  That visa expired in July 2021. Nonetheless, De Sousa has continuously lived in the United States since that date, maintaining steady employment and celebrating the arrival of two children, for whom he is a source of "emotional, parental, and financial support."

In July 2026, while heading to work, Immigration and Customs Enforcement ("ICE") officers arrested him and took him into immigration custody.  Removal proceedings were initiated against him, and, pursuant to 8 U.S.C. § 1226(a), De Sousa was detained at the Federal Detention Center in Philadelphia.  One week later, and prior to any orders being issued in this

case, De Sousa was transferred to the Moshannon Valley Processing Center, in Phillipsburg, Pennsylvania, "to facilitate his future hearings before the Elizabeth Immigration Court."

## II.   LEGAL STANDARD

Federals courts are empowered by 28 U.S.C. § 2241 to review the legality of immigration detention. *Zadyvdas v. Davis*, 533 U.S. 678, 687 (2001). Under this statute, a petitioner is entitled to relief if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner bears the burden of demonstrating that his detention is unlawful. *See Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972).

## III.   ANALYSIS

Petitioner argues that his detention is arbitrary as no individualized determination was made that he is a flight risk or danger to the community; and, the Government lacks the statutory authority to detain him. His arguments focus on his ties to the community (including his longtime residence in Philadelphia, steady employment, and two children); complete lack of criminal history in the United States and Brazil; and the absence of any allegation that he is dangerous or a flight risk. The Government counters that under 8 U.S.C. § 1252(g) this Court lacks jurisdiction over De Sousa's Petition; De Sousa is lawfully detained under Section 1226(a); and, his failure to exhaust administrative remedies prevents habeas review.

### A.  8 U.S.C. § 1252(g) Does Not Strip This Court of Jurisdiction

The Government first maintains that, under 8 U.S.C. § 1252(g), this Court lacks jurisdiction to hear De Sousa's Petition. Under this statute, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). This provision "is to be read narrowly and

2

precisely to prevent review only of the three narrow discretionary decisions or actions referred to in the statute. *Garcia v. Att'y Gen.*, 553 F.3d 724, 729 (3d Cir. 2009) (citations omitted); *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) ("We do not interpret [Section 1252(g) to sweep in any claim that can technically be said to 'arise from' the three listed actions . . . Instead, we read the language to refer to *just* those three specific actions themselves" (emphasis added)).

Here, the Government once again raises an argument that has already been rejected in dozens, if not hundreds, of cases. *See, e.g.*, *Torres-Duran v. Blanche*, 2026 WL 1878605, at *2 (E.D. Pa. June 30, 2026); *Ubaid v. Jamison*, 2026 WL 1346670, at *2 (E.D. Pa. May 14, 2026); *Rios Porras v. O'Neill*, 2025 WL 3708900, at *2 (E.D. Pa. Dec. 22, 2025) (collecting cases). The INA does not strip this Court of jurisdiction over this case, because De Sousa is not challenging the initiation of removal proceedings, the adjudication of his case, or the execution of any removal order. *See* 8 U.S.C. § 1252(g); *Garcia*, 553 F.3d at 729. He *exclusively* challenges his continued detention, an issue which remains squarely within federal courts' purview. *See id.*

The Government attempts to expand Section 1252(g) by arguing De Sousa's detention is "inextricably intertwined" with the initiation of removal proceedings. This argument makes no sense. The INA contains no language indicating that simple temporal proximity merges detention with any of the listed discretionary actions, much less removes detention from judicial scrutiny. Construed "narrowly and precisely," Section 1252(g) offers no basis for the Government's theory. *Garcia*, 553 F.3d at 729.

### B. Petitioner Has Not Exhausted His Administrative Remedies

Having, once again, established this Court's jurisdiction over immigration detention, further review is stymied by De Sousa's failure to exhaust his administrative remedies. Prior to

3

seeking habeas relief, petitioners "are ordinarily required to exhaust their administrative remedies." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996) (collecting cases).

Here, De Sousa's administrative remedies have not been activated, much less exhausted. Unlike in the vast majority of immigration habeas petitions recently before this Court, *see, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025) (collecting cases regarding detention under Section 1225(b)), De Sousa is explicitly detained under Section 1226(a). This section provides that the Attorney General "may [] arrest[] and detain[]" a noncitizen "pending a decision on whether the [noncitizen] is to be removed from the United States," provided that the noncitizen is not subject to mandatory detention under 8 U.S.C. § 1226(c). 8 U.S.C. § 1226(a). This same provision unquestionably entitles De Sousa to a bond hearing before an immigration judge. 8 C.F.R. § 236.1(d); *Jennings*, 583 U.S. at 306 ("Federal regulations provide that [noncitizens] detained under [Section] 1226(a) receive bond hearings at the outset of detention."). If the immigration judge rules that continued detention is appropriate, the noncitizen may appeal that decision to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

De Sousa makes no argument that he has exhausted his administrative remedies. In fact, it seems he has not yet sought such review. On the day he was arrested, ICE officials presented De Sousa with a Form I-286, which inquires whether an immigration detainee requests review of his custody. De Sousa marked the box indicating that he did not and signed the form. Since then, De Sousa has not formally requested a bond hearing and no immigration judge has reviewed his case, much less the Board of Immigration Appeals. Until he does so, the merits of his claims are not yet ripe for habeas review. Accordingly, his Petition shall be denied.

4

An appropriate order follows.

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C.J.**